UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NOLAN LEBANKS**                                    **CIVIL ACTION**

**versus**                                           **NO. 09-7709**

**BURL CAIN, WARDEN**                                **SECTION: "J" (1)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

I. Procedural History

Petitioner, Nolan LeBanks, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. In the instant application, he challenges his sentences in two state court proceedings. In case number 387-071 on the docket of the Orleans Parish Criminal District

Court, he was convicted on August 6, 1997, of simple burglary of an inhabited dwelling in violation of La.Rev.Stat.Ann. § 14:62.2.[1] In case number 386-852 on the docket of that same court, he was convicted on November 13, 1997, of purse snatching in violation of La.Rev.Stat.Ann § 14:65.1.[2] In proceedings held in both of those cases on September 10, 1998, he was found to be a multiple offender.[3] On November 11, 1998, he was then sentenced as such to concurrent terms of life imprisonment without benefit of parole, probation, or suspension of sentence.[4]

Petitioner filed appeals in both cases, and his appeals were consolidated. On December 6, 2000, the Louisiana Fourth Circuit Court of Appeal affirmed his convictions but vacated his sentences and remanded the matter for further proceedings.[5]

After holding additional proceedings, the state district court again found petitioner to be a multiple offender and resentenced him as such on March 13, 2001. On the burglary conviction, he was sentenced to a term of twelve years imprisonment. On the purse snatching conviction, he was sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.[6] He again appealed, and his sentences were affirmed by the Louisiana

---

[1] State Rec., Vol. III of VII, transcript of August 6, 1997, pp. 94-101 (387-071); State Rec., Vol. II of VII, minute entry erroneously dated August 6, 1996 (387-071); State Rec., Vol. II of VII, jury verdict form (387-071).

[2] State Rec., Vol. I of VII, minute entry dated November 13, 1997 (386-852); State Rec., Vol. I of VII, jury verdict form (386-852).

[3] State Rec., Vol. II of VII, transcript of September 10, 1998.

[4] State Rec., Vol. III of VII, transcript of November 11, 1998.

[5] State v. LeBanks, No. 99-KA-1890 c/w 99-KA-1905 (La. App. 4th Cir. Dec. 6, 2000) (unpublished); State Rec., Vol. III of VII.

[6] State Rec., Vol. II of VII, minute entry dated March 13, 2001.

Fourth Circuit Court of Appeal on March 6, 2002.[7] His related writ application was likewise denied by the Louisiana Supreme Court on May 2, 2003.[8]

Petitioner alleges that he then filed with the state district court an application for post-conviction relief on July 8, 2003. However, no such application was received by that state court, and, therefore, no ruling was issued. Over five years later, petitioner filed with the Louisiana Fourth Circuit Court of Appeal an application for a writ of mandamus asking that the district court be ordered to rule on that post-conviction application.[9] On October 22, 2008, the Court of Appeal denied that application, holding: "There is no review of sentencing errors post conviction. La.C.Cr.P. art. 930.3; State ex rel Melinie, 93-1380 (La. 1/12/96), 665 So.2d 1172."[10] On October 2, 2009, the Louisiana Supreme Court then likewise denied his related writ application, holding: "Denied. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189; La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172."[11]

---

[7] State v. LeBanks, No. 2001-KA-1990 (La. App. 4th Cir. Mar. 6, 2002) (unpublished); State Rec., Vol. V of VII.

[8] State v. LeBanks, 842 So.2d 1091 (La. 2003) (No. 2002-KO-1329); State Rec., Vol. VI of VII.

[9] State Rec., Vol. VII of VII.

[10] State v. Lebanks, No. 2008-K-1225 (La. App. 4th Cir. Oct. 22, 2008) (unpublished); State Rec., Vol. VII of VII.

[11] State *ex rel.* Lebanks v. State, 18 So.3d 109 (La. 2009) (No. 2008-KH-2939); State Rec., Vol. VII of VII.

In the interim, petitioner filed a federal application for *habeas corpus* relief on November 20, 2003. That application was dismissed without prejudice on October 12, 2004, because he had not yet exhausted his state court remedies.[12]

After the state post-conviction proceedings concluded, petitioner filed the instant federal application for *habeas corpus* relief on November 25, 2009.[13] In support of his application, he asserts the following claims:

  1. Petitioner was erroneously found to be a multiple offender;

    and

  2. Petitioner received ineffective assistance of counsel in the

    multiple offender proceedings.

For the following reasons, the undersigned recommends that the application be dismissed as untimely and because petitioner's claims are procedurally barred.[14]

---

[12] Lebanks v. Cain, Civ. Action No. 03-3322, 2004 WL 2360158 (E.D. La. Oct. 14, 2004).

[13] Rec. Doc. 3. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his federal application on November 25, 2009; therefore, that is the earliest date it could have been submitted to prison officials for mailing.
  The Court notes that although the petition is considered to have been filed on November 25, 2009, the instant case was not opened until petitioner paid the required filing fee on May 28, 2010.

[14] The state appears to suggest in a somewhat convoluted argument that petitioner failed to fully comply with the exhaustion requirement 28 U.S.C. § 2254(b)(1)(A). However, the Court need not resolve the exhaustion issue where, as here, petitioner's claims are clearly subject to immediate denial with prejudice. 28 U.S.C. § 2254(b)(2); Jones v. Jones, 163 F.3d 285, 299 (5th Cir. 1998); Woods v. Cain, Civil Action No. 06-2032, 2008 WL 2067002, at *8 n.8 (E.D. La. May 13, 2008). Therefore, in the interests of judicial economy, the undersigned recommends that petitioner's claims simply be denied with prejudice for the reasons noted herein rather than without prejudice on exhaustion grounds.

II.  Timeliness

The instant petition is timely only if it was filed within the limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[15]  Specifically, the AEDPA generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."  Under the AEDPA, a judgment

---

[15] The AEDPA's statute of limitations is an affirmative defense, rather than a jurisdictional mandate.  Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998). Consequently, the limitations defense may be waived, but the waiver must be express and intentional.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Irving v. 21st District Court, Civ. Action No. 09-2777, 2009 WL 2883034, at *3 (E.D. La. Aug. 31, 2009).

In its response in this proceeding, the state concludes that the petition appears to have been timely filed.  However, the state's calculations are inaccurate.  Under a proper calculation, as explained in this Report and Recommendation, it is evident that the federal petition is not timely filed.

The state could not have intended to commit error or mistake through its counsel's miscalculations in a response memorandum, and thus did not expressly waive its limitations defense by incorrectly concluding that the petition is timely.  See Simpkins v. Washington Metropolitan Area Transit Authority, 2 F.Supp.2d 52 (D.D.C. 1998) (calculation error based on mistake did not constitute waiver of limitations defense); Coleman v. Cain, Civ. Action No. 05-799, 2006 WL 2589215, at *4 (E.D. La. Sept. 5, 2006).  As the United States Supreme Court noted in a similar case:

> In this case, however, the federal court confronted no intelligent waiver on the State's part, only an evident miscalculation of the elapsed time under a statute designed to impose a tight time constraint on federal habeas petitioners.  In the circumstances here presented, we hold, the federal court had discretion to correct the State's error and, accordingly, to dismiss the petition as untimely under AEDPA's one-year limitation.

Day v. McDonough, 547 U.S. 198, 202 (2006) (footnote omitted).

Therefore, petitioner is hereby placed on notice that the limitations issue is being considered by this Court.  See id. at 210; Fisher v. State, 169 F.3d 295, 302 (5th Cir. 1999); Magouirk v. Phillips, 144 F.3d 348, 358 (5th Cir. 1998).  Any objection by petitioner to the Court's assessment of this issue must be timely filed as required at the end of this report.

is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[16]

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on May 2, 2003. Therefore, under § 2244(d)(1)(A), his sentences became "final" on July 31, 2003, when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1). Accordingly, his one-year period for seeking federal *habeas corpus* relief commenced on that date and expired one year later on August 2, 2004,[17] unless that deadline was extended by tolling.

The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). The critical issue in this case is whether petitioner properly filed such an application. For the following reasons, this Court finds that he did not.

---

[16] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

[17] Because July 31, 2004, fell on a Saturday, the limitations period was extended through the following Monday. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

As noted, petitioner alleges that he filed with the state district court a post-conviction application on July 8, 2003, and then, many years later, pursued that application in the state's higher courts when no ruling was forthcoming. However, there is no record of the purported initial filing in the state district court record.

If the state courts had not addressed the existence or timeliness of that application, the mere fact that the state district court never received it would not be an insurmountable obstacle for petitioner. The United States Fifth Circuit Court of Appeals has held that, "in Louisiana courts, a *pro se* prisoner's pleading is deemed filed on the date that the prisoner submits the pleading to prison authorities to be mailed, regardless of whether the pleading actually reaches the court." Stoot v. Cain, 570 F.3d 669, 672 (5th Cir. 2009).

However, the Louisiana Supreme Court *did* address this issue. As noted, the Louisiana Fourth Circuit Court of Appeal had rejected petitioner's claims solely because they concerned sentencing issues which, as a matter of state law, were not reviewable in post-conviction proceedings. However, while also rejecting the claims on that same basis, the Louisiana Supreme Court went further. Evidently unconvinced by the proffered evidence of the purported filing, the Louisiana Supreme Court additionally barred petitioner's claims as *untimely*, as indicated by the court's citations to La.C.Cr.P. article 930.8 and State *ex rel.* Glover v. State, 660 So.2d 1189 (La. 1995).[18] That is critical here. The United States Supreme Court has conclusively held that "time limits, no matter their form, are 'filing' conditions"; when the state courts have rejected a state

---

[18]   Article 930.8 sets forth the limitations period for filing applications for post-conviction relief, while the Glover decision held that an appellate court is not precluded from denying relief on basis of article 930.8 even if the lower court did not consider timeliness.

application as untimely, it cannot be considered "properly filed" so as to entitle the petitioner to statutory tolling. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Simply put: "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Id. at 414 (internal quotation marks and brackets omitted). Because the Louisiana Supreme Court rejected petitioner's purported 2003 post-conviction application as untimely, he cannot receive any statutory tolling credit for that application.

In light of the fact that petitioner cannot be granted statutory tolling for that application and the fact that he filed no other state applications which would entitle him to statutory tolling,[19] his federal limitations period expired on August 2, 2004, unless he is entitled to equitable tolling. See Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) (holding that the AEDPA's limitations period is also subject to equitable tolling). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence

---

[19] Although petitioner filed his first federal *habeas corpus* application on November 20, 2003, that filing is of no moment here. An application for federal *habeas corpus* review is not an "application for State post-conviction or other collateral review" and therefore does not implicate the tolling provisions § 2244(d)(2). Duncan v. Walker, 533 U.S. 167 (2001); Mathis v. Thaler, 616 F.3d 461, 473 (5th Cir. 2010); *In re* Wilson, 442 F.3d 872, 876 n.5 (5th Cir. 2006); Mercadel v. Cain, 84 Fed. App'x 456, 457 (5th Cir. 2004).

demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.[20]

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before August 2, 2004, in order to be timely. Because this federal application was not filed until November 25, 2009, it is untimely and should be dismissed on that basis.

Nevertheless, out of an abundance of caution, the Court additionally recommends that petitioner's claims also be dismissed on the alternative ground that they are procedurally barred.

### III.  Procedural Bar

The United States Fifth Circuit Court of Appeals has held:

> A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision. To satisfy the "independent" and "adequate" requirements, the dismissal must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims. This rule applies to state court judgments on both substantive and procedural grounds.

Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted).

---

[20]  In any event, the Court notes that petitioner cannot establish the diligence required to support a grant of equitable tolling. A finding of diligence would be precluded by the fact that he waited over five years from the time he purportedly filed his post-conviction application before further pursuing that application by filing the application for a writ of mandamus with the Court of Appeal. See, e.g., Stroman v. Thaler, 603 F.3d 299, 302-03 (5th Cir. 2010); Lewis v. Cockrell, No. 00-50811, 2001 WL 1267701 (5th Cir. 2001); Smith v. Terrell, Civ. Action No. 07-9449, 2009 WL 2139697, at *4 (E.D. La. July 13, 2009) (and cases cited therein).

The state courts clearly rejected petitioner's claims on procedural grounds. As noted, the Louisiana Fourth Circuit Court of Appeal rejected the claims pursuant to La.C.Cr.P. art. 930.3 and State ex rel. Melinie, 665 So.2d 1172 (La. 1996).[21] The Louisiana Supreme Court then likewise denied relief on those same grounds, as well as pursuant to La.C.Cr.P. article 930.8 and State *ex rel.* Glover v. State, 660 So.2d 1189 (La. 1995).[22]

Federal courts have long held that article 930.3 and the Melinie decision are independent and adequate state rules to support the application of a procedural bar. See, e.g., Hull v. Stalder, No. 99-31199, 2000 WL 1598016 (5th Cir. Sept. 28, 2000); Taylor v. Cain, Civ. Action No. 07-3929, 2008 WL 4186883, at *16 (E.D. La. Sept. 10, 2008); Williams v. Cain, Civ. Action No. 05-0710, 2008 WL 3363562, at *8 (E.D. La. Aug. 8, 2008); Madina v. Cain, Civ. Action No. 05-2126, 2006 WL 2726506, at *3 (E.D. La. Sept. 20, 2006); Johnson v. Andrews, Civ. Action No. 05-0413, 2006 WL 2294864, at *4 (E.D. La. Aug. 4, 2006); Williams v. Miller, Civ. Action No. 05-0086, 2006 WL 2087867, at *9 (E.D. La. July 24, 2006); Dedmond v. Cain, Civ. Action No. 03-

---

[21] State v. Lebanks, No. 2008-K-1225 (La. App. 4th Cir. Oct. 22, 2008) (unpublished); State Rec., Vol. VII of VII. Article 930.3 limits the grounds on which a prisoner may seek post-conviction relief, while the Melinie decision held that article 930.3 does not allow post-conviction challenges to sentencing errors.

[22] State *ex rel.* Lebanks v. State, 18 So.3d 109 (La. 2009) (No. 2008-KH-2939); State Rec., Vol. VII of VII. As previously noted, article 930.8 sets forth the limitations period for filing applications for post-conviction relief, while the Glover decision held that an appellate court is not precluded from denying relief on basis of article 930.8 even if the lower court did not consider timeliness.

3375, 2005 WL 1578086, at *8 (E.D. La. June 30, 2005); Leonard v. Hubert, Civ. Action No. 00-0511, 2001 WL 333123, at *7 (E.D. La. Apr. 4, 2001).[23]

It is likewise clear that article 930.8 and the Glover decision also qualify as independent and adequate rules to support a procedural bar in federal court. Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997); see also Morris v. Cain, No. 06-30916, 2008 WL 3876479 (5th Cir. Aug. 20, 2008); Pineyro v. Cain, 73 Fed. App'x 10, 11 (5th Cir. 2003); Tolbert v. Cain, Civ. Action No. 08-435, 2009 WL 1309851, at *2 (M.D. La. May 11, 2009); Lott v. Travis, Civ. Action No. 08-1390, 2008 WL 4964797, at *7-8 (E.D. La. Nov. 18, 2008); MacCracken v. Louisiana, Civ. Action No. 07-9540, 2008 WL 2951214, at *10 (E.D. La. July 25, 2008).

---

[23] To the extent that the state appears to assert in its response that article 930.3 and the Melinie decision are not adequate to bar a claim that counsel was ineffective in the multiple offender proceedings, the state is arguably incorrect. See, e.g., Richardson v. Cain, Civ. Action No. 07-2999, 2010 WL 1838642, at *11 (E.D. La. Apr. 1, 2010), adopted, 2010 WL 1837924 (E.D. La. May 3, 2010); Wallace v. Cain, Civ. Action No. 06-11271, 2009 WL 3367052, at *14 (E.D. La. Oct. 15, 2009); Simmons v. Cain, Civ. Action No. 06-2299, 2006 WL 3524144, at *6-7 (E.D. La. Sept. 18, 2007); Dedmond v. Cain, Civ. Action No. 03-3375, 2005 WL 1578086, at *8-9 (E.D. La. 2005); but see Lee v. Cain, Civ. Action No. 06-9669, 2007 WL 2751210, at *9 (E.D. La. Sept. 18, 2007). Nevertheless, even if article 930.3 and the Melinie decision were found not to be adequate procedural rules with respect to the ineffective assistance claim, that claim would clearly still be barred based on the Louisiana Supreme Court's invocation of article 930.8 and the Glover decision.

Therefore, if the state's response is construed as failing to raise the procedural bar as to petitioner's second claim, the Court hereby raises that issue *sua sponte*. It is clear that a federal *habeas* court has the discretion to raise that issue, so long as the petitioner is given notice of the application of the bar and the opportunity to respond. Prieto v. Quarterman, 456 F.3d 511, 518 (5th Cir. 2006); Magouirk v. Phillips, 144 F.3d 348, 357-58 (5th Cir. 1998). Because petitioner is hereby given such notice by virtue of this Report and Recommendation and the opportunity to respond in an objection to the United States District Court Judge, petitioner is not prejudiced by the assertion of the defense. See Prieto, 456 F.3d at 519; Magouirk, 144 F.3d at 359. Accordingly, any objection by petitioner to the Court's assessment of this issue must be timely filed as required at the end of this report.

When, as here, the state courts rejected a petitioner's claims based on independent and adequate state procedural rules, "federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice." Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999). In the instant case, petitioner demonstrates neither.

"To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him." Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted). Objective factors that can constitute cause include interference by officials that makes compliance with the state procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel, and ineffective assistance of counsel. Romero v. Collins, 961 F.2d 1181, 1183 (5th Cir. 1992).

In light of the fact that petitioner's second claim in this proceeding is that his counsel was ineffective, the Court will assume for the purposes of this decision that he is attempting to urge that purported ineffectiveness as the cause for his default of his first claim. However, that attempt fails for two reasons.

First, although an ineffective assistance claim can in some circumstances serve as a cause to overcome a procedural bar, the ineffective assistance claim cannot do so if it is itself procedurally defaulted. In such circumstances, the petitioner must first also show "cause and prejudice" for the defaulted ineffective assistance of counsel claim. See Edwards v. Carpenter, 529 U.S. 446, 452-53 (2000). As noted, the state courts here clearly also rejected petitioner's ineffective assistance claim as procedurally defaulted, and petitioner makes no attempt whatsoever to establish

cause and prejudice for that default. Therefore, the alleged ineffective assistance was itself defaulted and cannot be considered "cause" for the default of his first claim.

Second, in any event, petitioner's ineffective assistance claim has no merit. To establish ineffective assistance, a petitioner must demonstrate both that counsel's performance was deficient *and* that prejudice resulted. Strickland v. Washington, 466 U.S. 668, 697 (1984). If he makes an insufficient showing as to either of those two prongs of inquiry, the Court may reject the ineffective assistance claim without addressing the other prong. Id. at 697.

Here, the Court need not address whether counsel performed deficiently, because petitioner clearly has not shown that prejudice resulted. In the instant case, petitioner argues that his counsel was ineffective for failing to object to the sufficiency of the state's proof regarding the constitutionality of the predicate convictions. To establish prejudice, he must therefore show that "there is a reasonable probability that the outcome of the habitual offender proceeding would have been different if counsel had raised the objection." Dowell v. Lensing, 805 F. Supp. 1335, 1362 (M.D. La. 1992), aff'd, 996 F.2d 306 (5th Cir. 1993); see Strickland, 466 U.S. at 694. Accordingly, "to demonstrate the requisite prejudice to prevail on this claim, petitioner must show that his prior convictions were in fact constitutionally invalid or that the state could not have proved that they were constitutionally valid if required to do so in the habitual offender proceeding." Lee v. Cain, Civ. Action No. 06-9669, 2007 WL 2751210, at *10 (E.D. La. Sept. 18, 2007); see also Stevenson v. Cain, Civ. Action No. 06-1244, 2006 WL 2850167, at *7 (E.D. La. Oct. 4, 2006). Petitioner has offered no evidence whatsoever on those issues, and the records reflect no constitutional infirmities with respect to the predicate convictions. For example, the records reflect that with respect to both

predicate convictions petitioner pleaded guilty while represented by counsel and after being advised of and waiving his rights.[24] In light of the foregoing, petitioner obviously has not established a meritorious ineffective assistance claim to serve as cause for the default.[25]

Without a showing of cause and prejudice, a petitioner's defaulted claims are procedurally barred unless the application of the bar will result in a fundamental miscarriage of justice. The fundamental miscarriage of justice exception is limited to claims of actual innocence. See Bagwell v. Dretke, 372 F.3d 748, 757 (5th Cir. 2004); Lucas v. Johnson, 132 F.3d 1069, 1077 (5th Cir. 1998). However, it is unclear to what extent, if any, the "actual innocence" exception is available when the defaulted claims relate merely to alleged noncapital sentencing errors.

In Haley v. Cockrell, 306 F.3d 257 (5th Cir. 2002), the United States Fifth Circuit Court of Appeals, after noting that a split exists among the circuits on that issue, held that the "actual innocence" exception is available to petitioners in noncapital proceedings who claim they were erroneously sentenced as multiple offenders. Id. at 265-66. However, the Haley court held that, when barred claims dealt with such alleged sentencing errors, the "actual innocence" requirement is met only when the petitioner shows that "he would have not been legally eligible for the sentence he received." Id. at 264. The Supreme Court subsequently vacated the Haley decision on other grounds and remanded the case to the Fifth Circuit. Dretke v. Haley, 541 U.S. 386 (2004). In so

---

[24] State Rec., Vol. I of VII, minute entry dated July 12, 1979 (271-030); State Rec., Vol. I of VII, guilty plea form (271-030); State Rec., Vol. I of VII, minute entry dated September 30, 1982 (291-144).

[25] Where, as here, a petitioner fails to establish cause for the default, it is not necessary for the Court to consider whether actual prejudice will result from the application of the procedural bar. Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).

doing, the Supreme Court declined to answer the question of whether the "actual innocence" exception applies to noncapital sentencing errors. Id. at 393-94.

This Court does not attempt to answer the question left open by the Supreme Court. Nevertheless, even if the "actual innocence" exception is available to defaulted claims regarding noncapital sentencing errors, petitioner has failed to present any evidence whatsoever showing that he was legally ineligible for the multiple offender sentences he received. Thus, he has not demonstrated that a miscarriage of justice will result from application of the procedural bar.

Accordingly, for the foregoing reasons, the undersigned has no hesitation in finding that petitioner's claims are procedurally barred in this federal proceeding and should also be rejected on that basis.[26]

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that petitioner's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[26] Additionally, the Court notes that petitioner's second claim, i.e. that his counsel was ineffective in the multiple offender proceedings, also clearly fails on the merits for the reasons previously set forth in this Report and Recommendation.

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[27]

       New Orleans, Louisiana, this twenty-fifth day of October, 2010.

                              **SALLY SHUSHAN**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[27] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.